COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


KATHLEEN D. RUTLEDGE
                                                            OPINION BY
v.        Record No. 0777-04-4              JUDGE JAMES W. BENTON, JR.
                                                      FEBRUARY 1, 2005
RONALD L. RUTLEDGE


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                           Marcus D. Williams, Judge

        Jennifer E. Mandell (Richard L. Downey; Richard L. Downey &
        Associates, on briefs), for appellant.

        Michael Kevin Murphy (Law Offices of Michael Kevin Murphy &
        Associates, on brief), for appellee.


        Kathleen D. Rutledge contends the trial judge erred in ruling that her marital property

settlement agreement prohibited the trial judge from exercising discretionary authority to award

attorney's fees to her in a post divorce proceeding to modify spousal support.  We hold that because

the agreement expressly provides for attorney's fees in some instances but does not do so for

modification proceedings, the trial judge did not err.

                                            I.

        Kathleen D. Rutledge and Ronald L. Rutledge were divorced by a final decree entered on

July 15, 1999.  The final decree "affirmed, ratified, and incorporated" the parties' property

settlement agreement.  Pertinent to this appeal, the property settlement agreement provides that

"[t]he husband shall pay to the wife the sum of $1,300.00 per month for her maintenance and

support" and also provides for modification of the spousal support as follows:

                Upon the petition of either party upon a material change of
                circumstances in a manner which is consistent with . . . Code

Section 20-107.1 . . . , a Court of competent jurisdiction shall be able to modify by increasing or decreasing or terminating or reserving the right to spousal support as the circumstances may make proper.

Four years after entry of the final decree, the wife filed a petition in the circuit court to increase spousal support, alleging a material change in circumstances and requesting an award of attorney's fees. The husband denied that a material change in circumstances had occurred, denied the wife was entitled to any relief, and requested dismissal of the petition. Following an evidentiary hearing, the trial judge found that a material change in circumstances had occurred, and he increased spousal support to $2,000 per month. The trial judge also found that an award of attorney's fees "does not contravene any provision of the agreement" and awarded the wife her attorney's fees.

The husband filed a motion to reconsider the award of attorney's fees. In his motion, the husband asserted that the following provisions of the agreement contain the only basis for an award of attorney's fees:

11. Divorce & Associated Matters, Legal Fees:

\* \* \* \* \* \* \*

C. The husband shall pay to the wife the sum of $3,000 as and for the expenditure of attorney's fees necessitated by her as a result of filing of the Bill of Complaint for Divorce. Said payment shall be made to her within ninety (90) days of the execution of this Agreement.

12. Breach of this Agreement, and Enforcement:

\* \* \* \* \* \* \*

B. In the event of a breach of this Agreement, the party committing the breach shall be obligated to pay the reasonable and necessary costs, including reasonable legal fees incurred by the non-breaching party to enforce or protect the non-breaching party's interests or rights hereunder. The amount of such reasonable costs and legal fees shall be submitted to the Court having jurisdiction over the parties and subject matter hereof, and if the party alleging

breach substantially prevails in such an action then both parties will move the court that the order disposing of any such allegation of breach include a provision making an award of reasonable and necessary costs and legal fees in the favor of the substantially prevailing party, without prejudice to the non-prevailing party to contest the reasonableness or necessity of any such cost and legal fee.

The husband argued that Code § 20-109(C) restricts the trial judge's authority to award attorney's fees to the terms of the agreement.

The wife responded that the trial judge had inherent authority, pursuant to Code § 20-109(A), to award attorney's fees in spousal support modification proceedings. She also argued that, in any event, paragraphs 11(C) and 12(B) are silent regarding the issue of attorney's fees in modification proceedings and, therefore, the "right to seek fees in this case has not been waived or limited by the terms of their agreement."

The trial judge granted the motion to reconsider. In pertinent part, he ruled as follows:

The parties specifically address the issue of attorney's fees in their [agreement]. Section 11(C) . . . provides that the husband will pay the wife $3000 as and for the expenditure of attorney's fees necessitated by her as a result of the filing of the Bill of Complaint for Divorce. Also, Section 12(A) and 12(B) [provide] for an award of attorney's fees in the event of a breach of the parties' PSA.[1]

Here, the parties' [agreement] expressly provides for an award of attorney's fees in certain situations, but does not provide for an award of attorney's fees incurred as a result of either party petitioning for a modification of spousal support. Pursuant to . . . Code . . . § 20-109(C), the Court cannot go beyond the terms of the

_____

[1] Section 12(A) of the agreement does not provide for attorney's fees. It addresses the matter of breach of the agreement in the following language:

Each of the obligations imposed upon a party hereunder is intended to stand independently of any and all other obligations imposed hereunder, and a breach of any such obligation shall not be deemed to impair --- nor do the parties intend such breach to discharge --- any party from performing any other obligation imposed hereunder.

- 3 -

parties' [agreement].  The [agreement] fails to provide for an award of attorney's fees for a parties' modification of spousal support, and the Court is without power to make such an award.

The wife appeals from the order denying her request for attorney's fees.

II.

The parties agree that the resolution of this case turns upon the application of Code § 20-109.  The portions of the statute pertinent to this appeal are as follows:

> A.  Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper. . . . The provisions of this subsection shall apply to all orders and decrees for spousal support, regardless of the date of the suit for initial setting of support, the date of entry of any such order or decree, or the date of any petition for modification of support.
>
> \*     \*     \*     \*     \*     \*     \*
>
> C.  In suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.  If such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.

Code § 20-109.

The wife contends the limiting language in Code § 20-109(C) -- "no decree . . . directing the payment of . . . counsel fee . . . shall be entered except in accordance with that . . . contract" -- should be read to mean that the trial judge is authorized to grant her attorney's fees unless the agreement forbids it.  Thus, she argues that because the agreement "did not address the issue of an award of attorney's fees incurred by either party as an incident to a post-divorce proceeding for modification of spousal support . . . , Code § 20-109(C) did not restrict the trial court's power to award such attorney's fees."  We disagree.

- 4 -

Subsection A and C of the statute are interrelated. In analyzing these subsections, we have held that, although "Code § 20-109(A) empowers trial courts to modify a spousal support award, . . . Code § 20-109(C) expressly limits the court's authority . . . according to the terms of a stipulation or contract signed by the parties." Blackburn v. Michael, 30 Va. App. 95, 100, 515 S.E.2d 780, 783 (1999). Likewise, the Supreme Court has held that, when the parties' agreement has been affirmed, ratified, and incorporated into the final decree of divorce, "'[Code] § 20-109 restricts the court's jurisdiction over awarding "alimony, suit money, or counsel fee" to the terms of the contract.'" Thomas v. Thomas, 216 Va. 741, 743, 222 S.E.2d 557, 559 (1976) (quoting McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970)). As these cases hold, the statutory language of Code § 20-109(C) restricts the judge to decreeing according "to the terms" of the agreement. In the context of this statute, which provides that "no decree or order directing the payment of . . . counsel fee . . . shall be entered except in accordance with that contract," the words, "except in accordance with that . . . contract," are not ambiguous. The plain meaning of these words is not susceptible to another understanding. See, e.g., In re Coane's Estate, 165 A. 2, 4 (Pa. 1933) (reviewing a will in which a testator directed payments to his wife "'in accordance with the terms of the antinuptial agreement,'" the court observed that "'[i]n accordance with' cannot be construed to mean 'in place of,' or 'as a substitute for,' and this is made especially clear by the fact that the payments provided for are to be 'in accordance with the terms' of the antinuptial agreement, not with some of them, but with all of them").

Although our decisions and the decisions of the Supreme Court have not always used consistent language in applying Code § 20-109, we have never intimated that subsection C permits a trial judge to grant relief in derogation of the terms of the parties' agreement. For example, in White v. White, 257 Va. 139, 509 S.E.2d 323 (1999), where the final decree of divorce incorporated a settlement agreement that obligated the husband to pay the monthly

- 5 -

mortgage payments on a residence to a bank, the trial judge ruled that the husband was in contempt for failing to make the mortgage payments to the wife after she sold the residence several years following the divorce and after the bank received from the sale proceeds the balance due on the mortgage. Id. at 142-43, 509 S.E.2d at 324. Reversing that decision, the Supreme Court ruled as follows:

> The agreement clearly obligates Mr. White to pay the $30,000 mortgage on the house to [the] Bank in 120 monthly installments. It contains no provision for Mr. White to make any payments to Mrs. White. Moreover, and of particular significance in this case, nothing within the express terms of the agreement evinces any intent of the parties that Mr. White's obligation would survive the satisfaction of the mortgage debt, regardless of the manner in which that debt was extinguished.

> Accordingly, we hold that the agreement obligated Mr. White to make payments on the mortgage on the marital home so long as that debt existed, but did not obligate him to pay a fixed sum to the wife in installments with interest, as she alleged in her bill of complaint and as the trial court subsequently found in the show cause hearing. The language of the final decree of divorce referencing the agreement as "an agreement . . . with respect to maintenance and support" could not, and did not, alter the intent of the parties as expressed in the agreement.

Id. at 145, 509 S.E.2d at 326. In reaching this decision, the Court ruled that "Code § 20-109[C] inhibits the power of the court to award or consider modification of the decree to the extent that spousal support and maintenance are provided for in the incorporated agreement of the parties." Id. at 144, 509 S.E.2d at 325. See also Owney v. Owney, 8 Va. App. 255, 260, 379 S.E.2d 745, 748 (1989) (holding that the judge's "award contravenes the plain language of the agreement" and was "plainly inconsistent with the contract").

As White demonstrates, the statutory proviso, that no order "shall be entered except in accordance with the . . . contract," requires the trial judge to examine the parties' agreement to ascertain whether the relief sought by the moving party is encompassed within the terms of the agreement. White, 257 Va. at 144-45, 509 S.E.2d at 326. See also Owney, 8 Va. App. at 260,

379 S.E.2d at 748 (holding that where the agreement "specifically releases the husband and wife 'of any claim either might have for alimony or support,' [t]he trial court's conclusion that the payments under paragraph six of the agreement were 'intended by the parties as spousal support' and the subsequent award of '$182.00 per month as spousal support' were plainly inconsistent with the contract" because Code § 20-109(C) bars payment of support and maintenance for the spouse except in accordance with the contract).

The wife argues that the agreement in this case "was silent as to whether either party could be awarded attorney's fees incurred incident to . . . post divorce modification proceedings." Thus, she contends the agreement was not a bar to an award of attorney's fees and the trial judge retained discretionary authority to award attorney's fees. We disagree. We believe it is more accurate to say no "terms" of the agreement provide for attorney's fees in the instance of either party seeking a modification of spousal support.

"[M]arital property settlements . . . are contracts subject to the rules of construction applicable to contracts generally, including the application of the plain meaning of unambiguous contractual terms." Pysell v. Keck, 263 Va. 457, 460, 559 S.E.2d 677, 678 (2002). According to the rules of construction, "[c]ourts cannot read into contracts language which will add to or take away the meaning of words already contained therein." Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984).

> A well-settled principle of contract law dictates that where an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself. A contract is not deemed ambiguous merely because the parties disagree as to the meaning of the language they used to express their agreement.

Ross v. Craw, 231 Va. 206, 212-13, 343 S.E.2d 312, 316 (1986) (internal citations and quotations omitted). "In reviewing the agreement, we must gather the intent of the parties and the meaning of the language . . . from an examination of the *entire* instrument, giving full effect

- 7 -

to the words the parties actually used." Layne v. Henderson, 232 Va. 332, 337-38, 351 S.E.2d 18, 22 (1986).

A review of this contract shows the parties were cognizant of events in which attorney's fees would be paid, and they provided for attorney's fees in two instances:  first, $3,000 to the wife for attorney's fees for filing the Bill of Complaint and, second, a reasonable fee to be assessed by a judge against either party who breaches the agreement and causes the other to incur fees in enforcing the agreement.  The agreement does not provide for the payment of attorney's fees in any other instance.  To be more precise, nowhere in the agreement is there a provision requiring the payment of attorney's fees to either party who seeks a change in the support payment because of a change in circumstances.  The parties could have provided for fees in other instances but did not.  The express reference to attorney's fees for these two particular proceedings implies the preclusion of attorney's fees in other instances under the maxim, *expressio unius est exclusio alterius*.  See Smith v. Pocahontas Fuel Company, Inc., 177 Va. 267, 285, 13 S.E.2d 301, 309 (1941) (applying the principle of *expressio unius est exclusio alterius* to hold that a contract which specifies a lessee's obligation to pay for unmined coal "found in the two seams mentioned . . . excludes any obligation of the lessee to pay for coal in the other seams").  In order to find in this agreement a requirement for attorney's fees in other unspecified instances, we "would have to insert words into the writing contrary to the elementary rule that the function of the court is to construe the contract made by the parties, not to make a contract for them."  Cave Hill Corporation v. Hiers, 264 Va. 640, 646, 570 S.E.2d 790, 795 (2002).  In other words, "what the parties claim they might have said, or should have said, cannot alter what they actually said."  Wilson, 227 Va. at 188, 313 S.E.2d at 398.

The wife cites Sanford v. Sanford, 19 Va. App. 241, 450 S.E.2d 185 (1994), as a case in which the trial judge ordered that the parties exchange copies of their future income tax returns

- 8 -

despite the husband's argument that Code § 20-109 prohibits such an order because the statute

bars the judge from "imposing any . . . condition . . . except in accordance with . . . [the parties']

contract." There, we held as follows:

> Assuredly, the parties' property settlement agreement does not obligate the parties to exchange income tax returns. However, nothing in the agreement precludes the trial court from requiring either party to provide the other with a copy of his or her income tax returns. The agreement is silent in this regard. Code § 20-109 only restricts the action a trial court may take where the parties have agreed upon a matter. Code § 20-109 does not prohibit a trial court from ordering a course of action upon a matter that the parties do not address in their property settlement agreement, provided the court is not otherwise precluded from doing so and the course of action is appropriate.

Id. at 250-51, 450 S.E.2d at 191.

In this case, however, unlike Sanford, the parties have agreed upon the matter of

attorney's fees. An examination of the entire agreement discloses that the parties specified the

two instances in which attorney's fees could be awarded. This proceeding for modification of

spousal support is an instance that does not fall within those provisions. The mere absence of

terms specifying other events that one party contends normally would be found in the contract is

an insufficient basis, standing alone, to render the contract ambiguous or subject the contract to

judicial construction. Wilson, 227 Va. at 188, 313 S.E.2d at 398.

Furthermore, in their agreement the parties expressly waived all claims except as

provided in the agreement. In its introductory provisions, the agreement uses the following

broad language to note the parties' intentions to resolve all rights, claims, and obligations:

> WHEREAS, the parties now desire to settle and determine their mutual obligations, all of their property rights, all rights of support and maintenance of either party by the other and all other miscellaneous rights, claims -- and obligations between them arising from their marriage to one another and otherwise . . . .

Among the ensuing terms of the agreement is a specific waiver clause, which includes the following provision:

> Each party hereby also waives, releases, and discharges the other party from any and all claims, causes of action, or demands whatsoever, in law or equity, which he or she might have or might claim to have against the other party by reason of any matter, cause, or thing whatsoever except in an action or actions for divorce or in an action or actions to enforce a provision or provisions of this Agreement.

Because Code § 20-109(C) restricts the trial judge's jurisdiction such that he could enter "no decree or order directing the payment of . . . counsel fee . . . except in accordance with that . . . contract," we hold that the trial judge did not err in refusing to award to the wife her attorney's fees.  The judge's order granted relief "according to the terms of [the] . . . contract signed by the parties."  Blackburn, 30 Va. App. at 100, 515 S.E.2d at 783.

Accordingly, we affirm the judgment.

Affirmed.