## CIRCUIT COURT OF ORANGE COUNTY

William Gladstone

v.

Cheryl A. Concannon

May 5, 2008

Case No. CO2-000078

BY JUDGE DANIEL R. BOUTON

I have now had an opportunity to study and evaluate the oral and written arguments that have been presented regarding the disputed issues in the above referenced case. I set forth below the rulings of the court.

*The Issue of the Disputed Appellate Fees*

The decision as to whether the court has the power to award appellate fees in this case must be addressed in light of the holding of *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 479 S.E.2d 98 (1996). At first glance, the reasoning of *O'Loughlin* appears to weigh heavily in favor of the plaintiff. The case generally stands for the well known proposition that the trial court has no jurisdiction to award attorney's fees incurred on appeal unless there is a specific remand from the appellate court with instructions to make an award. Many subsequent cases have reached this result and have cited *O'Loughlin* as the controlling authority on the issue. Mr. Kitzman has done an excellent job of summarizing most of these cases, and he skillfully articulates how they support his position.

A careful reading of *O'Loughlin*, however, demonstrates that it can be distinguished from *Concannon v. Gladstone*, No. 2108-06-2, 2007 Va. App. LEXIS 192 (Va. App., May 8, 2007), the unpublished decision that is binding on the court in this case. Specifically, *O'Loughlin* never addressed whether a specific remand for an award of appellate fees is necessary if the parties have entered into a separation agreement that includes a provision for the payment of such fees. As stressed by Mr. Smith, no case from the Court of Appeals or the Supreme Court of Virginia has actually held that a specific remand is required if the parties already have an agreement in place that covers them. Thus, whether the trial court lacks jurisdiction to award appellate fees without a specific remand in cases that involve an agreement has never been addressed at the appellate level in Virginia. Rather, the *O'Loughlin* rule has been applied in cases where the award of attorney's fees was based on the exercise of judicial discretion. Under Virginia law, there are many circumstances where such discretion can be exercised to grant an award or to deny an award; they include but are not limited to cases of child support, child custody, spousal support, and equitable distribution. In all such cases, the trial judge has the authority to make an award of fees based on a variety of relevant factors. Many cases decided by the Court of Appeals and the Supreme Court of Virginia have identified and discussed the factors that can be considered when the court relies on its discretion to make an award.

In a similar vein, when cases such as this are appealed, the judicial discretion to award attorney's fees remains in place. However, what *O'Loughlin* makes clear is that, in the absence of a binding agreement, the discretion to decide whether or not to award fees incurred on appeal is vested in the appellate court and not the trial court. In cases where there are no contractual arrangements between the parties that govern the issue, the appellate court must first determine if an award of appellate fees is appropriate; if this question is answered in the affirmative, then the case must be remanded back to the trial court with specific instructions to make an award. Without a sufficient remand from the appellate court, *O'Loughlin* holds that the trial judge has no independent jurisdiction to exercise his or her discretion to award appellate fees. Nevertheless, the *O'Loughlin* court never said that the trial court lacked the power to enforce an agreement that has been incorporated into the court's final decree and that includes a provision for the award of attorney's fees.

It should be noted that the court's analysis regarding the ambit of *O'Loughlin* is also consistent with the explanation given by the Court of Appeals for the remand requirement. On this point, the *O'Loughlin* court gave the following reasons for not allowing trial judges to decide whether appellate

fees should be awarded when such fees are discretionary. "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." *Id.*, at p. 695. This passage illustrates why *O'Loughlin* applies to an award of fees that is premised on an exercise of judicial discretion. The language regarding the appellate court's ability to review the record in its entirety, to determine whether an appeal is frivolous, and to ascertain whether other reasons support an award all invoke the concept of judicial discretion. However, the discretionary factors noted in this stated rationale would not apply to cases that are governed by contractual principles of law. Such factors would not be relevant because the existence of an agreement would eliminate the need for the trial court or the appellate court to consider whether or not to exercise judicial discretion. With an agreement in place, judicial discretion would not have to be exercised; rather, the court would have jurisdiction to award appellate fees based on its power to enforce the agreement.

In light of the above analysis, the court finds that *O'Loughlin* can be distinguished from the present case because of the agreement that the parties made regarding the payment of all litigation fees and costs. By negotiating the agreement before any litigation was pending, the parties here decided how to resolve the question of the payment of fees in the event of a dispute between them. This was done prior to any court hearing, thus eliminating the need for the trial judge or the appellate court to reach the question of discretionary fees. Therefore, in the present case, an award of appellate fees is not a rejection of the rule set forth in *O'Loughlin* because the court is not relying on the need for a specific mandate. The court has the authority to enforce the contract of the parties; thus, the rationale of *O'Loughlin* does not apply.

As part of the court's reasoning, it must also be stressed that Virginia law favors agreements such as the one reached by the parties in this case. The legislature has in place a statutory scheme that allows for such agreements to be enforced as court orders. Moreover, if the court were to find that it has no jurisdiction here to award appellate fees because of *O'Loughlin*, the court would effectively be revising the agreement reached by the parties. In this regard, if the court applies *O'Loughlin* in the manner argued by Mr. Kitzman, it would be modifying the agreement by limiting the payment of all litigation fees to those incurred only at the trial stage. The court finds that it has no authority to alter in this manner the agreement that was negotiated and executed by the parties and made a part of the court's final decree.

Such a ruling would also violate the language and undercut the stated purpose of § 20-109(C). Mr. Smith forcefully presented these arguments in both his written brief and at the hearing that was conducted on the issue, and the court finds them persuasive. In addition, the reasoning of *Rutledge v. Rutledge*, 45 Va. App. 56, 608 S.E.2d 504 (2005), has some relevance in this context. There, the trial judge refused to make an award of attorney's fees in a spousal support modification proceeding. The parties had an agreement that provided for an award of attorney's fees; however, the agreement allowed fees in only two instances. A request to modify spousal support was not one of them. Therefore, the trial judge concluded that he had no authority to make an award; on appeal, the Court of Appeals affirmed this ruling. Most important, the *Rutledge* court stressed that § 20-109(C) obligated the court to enforce the agreement of the parties. Based on the statute, the court concluded that the trial judge had no power to award attorney's fees because granting such relief would be in derogation of the agreement. Similarly, the court finds that the reasoning of *Rutledge* would also prohibit trial judges from *denying* any relief to a party in derogation of a binding agreement. In the present case, to refuse an award of appellate fees to Ms. Concannon would be to deny her relief in derogation of the agreement that is before the court. Therefore, to rule as Mr. Kitzman requests would violate § 20-109(C) and the principles of law enunciated in *Rutledge*.

It should also be stressed that the court's analysis is consistent with the holding of *Sanford v. Sanford*, 19 Va. App. 241, 450 S.E.2d 185 (1994). Both parties cite this case in support of their respective positions. The court finds, however, that the decision favors the position taken by Mr. Smith. In *Sanford*, the Court of Appeals ruled in favor of an ex-wife in connection with a support enforcement hearing. The case was remanded to the trial court with specific instructions to award attorney's fees, including those that were incurred on appeal. Moreover, the parties had an agreement that provided for the payment of fees to the one who successfully enforced the terms of the agreement. The court's opinion also made specific reference to the agreement.

A careful reading of *Sanford* demonstrates that it is actually similar to and completely consistent with the court's interpretation of *Concannon*. It is also consistent with the court's analysis of *O'Loughlin*. On this point, it is critical to note that, in discussing the award of appellate fees, the *Sanford* court never referred to or relied on the discretionary factors that were identified in *O'Loughlin*. Nowhere does the court make any independent judgment that an award of appellate fees would be appropriate, nor is there a remand directing the trial judge to make an award because the appellate court decided that such fees should be awarded. Rather, the Court of Appeals in

*Sanford* said that the appellate fees should be awarded by the trial judge precisely because of the agreement between the parties. In summarizing its holding at the beginning of the opinion, the court said *"Because the Sanfords' property settlement agreement required that he pay his wife's attorney's fees* if she had to enforce a default in the support obligation, which agreement the court had approved and incorporated into the final divorce decree, *William Sanford is required to pay Betty Sanford's attorney's fees." Id.,* at 243 (emphasis mine). Later, in the section of the opinion that contained a detailed discussion of the award of attorney's fees, the court again explicitly found that it was the agreement of the parties and not the exercise of judicial discretion that justified the award of appellate fees:

> Because Mr. Sanford defaulted in making his spousal support payments after December, 1992, and because Betty Sanford incurred legal expenses and costs to determine and enforce the support arrearage, *he is required under the terms of the agreement and decree to pay his former wife's legal fees.* Furthermore, *because Betty Sanford has prevailed on appeal, under the same terms of the agreement and decree, Mr. Sanford is obligated to pay her attorney's fees expended on appeal* to enforce the spousal support obligation.

*Id.,* at 249-250 (emphasis mine).

In the court's view, the remand in *Concannon* does the very same thing regarding attorney's fees that was done by the *Sanford* court. The mandate from the Court of Appeals in *Concannon* directed the trial judge to enforce all of the obligations in the agreement; one of them was the provision that requires Mr. Gladstone to pay Ms. Concannon for the fees and costs of the litigation. Thus, *Sanford* and *Concannon* are consistent with one another. Each case required that the trial judge award attorney's fees based on the agreement of the parties. In each case, the agreement also required that the fees include those that were incurred on appeal. Finally, because of the agreement that existed in each case, the appellate court did not have to consider whether or not to exercise judicial discretion and did not have to remand the case to the trial court with specific instructions as required by *O'Loughlin.* Thus, the award of appellate fees in *Sanford* and *Concannon* is not governed by the holding of *O'Loughlin.*

Finally, it should be noted that there is a second reason why the court's award of fees in the present case can include those that were incurred on appeal. Specifically, an argument can be made that based on the manner in

which the Court of Appeals analyzed and decided *Concannon*, the instructions from the court are sufficient to allow for an award of appellate fees based on the agreement of the parties. Therefore, if the *O'Loughlin* remand requirement applies to the present case, it has been satisfied in the *Concannon* opinion. A number of factors must be stressed in analyzing why the remand in *Concannon* complies with *O'Loughlin* and why it is sufficient to justify an award of appellate fees in the case before the court.

The first point that should be noted is that the agreement of the parties was in full force and effect when the case was appealed. In relevant part, the agreement provides that "The party substantially prevailing in such litigation shall be entitled to his or her attorney's fees and costs from the other party." In particular, this provision does not limit the fees to those that are incurred at the trial level; rather, it includes the fees that arise in "the event of litigation concerning this agreement. . . ." Finally, there is no dispute that Ms. Concannon substantially prevailed in the Court of Appeals and that her case there was part of the litigation between her and Mr. Gladstone.

Turning now to the language of *Concannon*, it must be emphasized that the Court of Appeals explicitly acknowledged that the case "concerns the enforcement of a property. settlement agreement that was incorporated by reference into a final decree of divorce." *Id.*, at p. 1. In other words, the case on appeal did not address any circumstances in which either the trial court or the appellate court should consider exercising any independent discretion to award fees or costs; from start to finish, it was a case about enforcing the terms of a separation agreement. Therefore, since the agreement that was the subject of the case before the Court of Appeals already provided for the payment of all litigation fees, it was not necessary for the appellate court to make a threshold determination regarding whether fees should be awarded to the party who prevailed on appeal. Similarly, there was also no need for the court to announce in its remand that fees should be awarded because the contract of the parties had already addressed the issue. What is significant, however, is that, after ruling in favor of Ms. Concannon on the disputed issues regarding the agreement, the court said: "We reverse and remand to the trial judge for entry of an order *requiring the parties to enforce the obligations provided in the agreement.*" *Id.*, at p. 14 (emphasis mine).

It is critical to stress that the remand in *Concannon* is not limited to a few narrowly drawn inquiries, nor is it confined only to the specific questions discussed in the opinion. Rather, it directs the trial judge to complete the case with an order that fully enforces all of the obligations of the agreement. Obviously, the order must follow and be consistent with the unpublished opinion. However, since the trial judge has been ordered to "enforce the

obligations" of the agreement, this would include the provision regarding the payment of all fees that resulted from the litigation. Thus, the instructions from the Court of Appeals in *Concannon* include and encompass an award of appellate fees; in making, the award, the trial judge is acting within the specific mandate. As a result, if *O'Loughlin* does apply to the court's ruling on appellate fees here, the ruling is within the parameters of the particularized instructions given to the court in *Concannon*.

For the above reasons, the court first finds that the *O'Loughlin* rule does not apply to an award of appellate fees in this case due to the agreement of the parties. However, if the court is incorrect in its analysis of this issue, appellate fees can still be awarded. The written instructions propounded by the Court of Appeals in *Concannon* are sufficient to satisfy *O'Loughlin*. Thus, to the extent that a specific remand is required by *O'Loughlin* in order for the court to award appellate fees based on the agreement, the remand in *Concannon* is adequate.

### The Dispute Regarding the Amount of the Fees

This issue is less abstruse than the difficult analytical problems raised by the issue of whether the court can award any of the attorney's fees that were incurred on appeal. It simply requires the court to evaluate the evidence that was introduced on what litigation fees should be paid by Mr. Gladstone in connection with those issues on which Ms. Concannon substantially prevailed. In light of the court's discussion of the first disputed issue, the ruling here must include the fees incurred at both the trial and appellate level.

The court has carefully evaluated the evidence that was presented through the two witnesses who testified on this issue. At the conclusion of oral argument, the court emphasized that it was impressed by the integrity and the professionalism of both witnesses. Now that the court has reflected further on their testimony, these observations remain compelling and merit repeating in this context. In addition, the court has considered all of the other factors that must be taken into account in determining the amount of fees that should be awarded. This would include all of the evidence concerning the amount of time that was expended on the issues on which Ms. Concannon substantially prevailed, the complexity of the work required by counsel, the amounts that were billed to Ms. Concannon, and the compensation rates that the witnesses described with regard to the legal work performed in this case.

Based on all of the evidence in the present case, the court finds that an award of trial fees in the amount of $25,000.00 is justified. The court further finds that appellate fees in the amount of $15,000.00 are supported by the

evidence. Therefore, the total amount of fees award will be $40,000.00. This amount will bear interest at the judgment rate until paid beginning from the date of the entry of the final decree. However, all of the fees, together with any accrued interest, shall be due and payable within three months of the entry of the decree.