COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Powell and Senior Judge Clements


ASLI EVERETT

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0660-09-4                              PER CURIAM
                                                     SEPTEMBER 22, 2009
RONALD JAMES EVERETT


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Lisa B. Kemler, Judge

            (Asli Everett, *pro se*, on briefs).

            (Richard F. Gibbons, Jr., on brief), for appellee.


        Asli Everett (wife) appeals an order regarding attorney's fees.  Wife contends the trial court

misinterpreted the provision in the parties' property settlement agreement (the agreement) regarding

Ronald Everett's (husband) obligation to pay wife's attorney's fees and costs if he sought a

reduction in child support.  Husband contends the trial court erred by failing to examine whether the

attorney's fees awarded to wife were reasonable and necessary.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        On May 22, 2004, wife and husband entered into the agreement, which was affirmed,

ratified and incorporated into the final decree of divorce entered on June 24, 2005.  The

agreement contained a paragraph regarding attorney's fees if husband sought a reduction in child

support.  Paragraph 14 of the agreement provided:

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> Attorney's Fees. Husband shall pay one half of Wife's attorney's fees incurred in preparing this Property Settlement Agreement and in any divorce suit between the parties. In addition, in the event Husband seeks a downward adjustment in his child support obligations, he shall be responsible for all of Wife's attorney's fees and costs.

In 2006, husband filed a motion to modify child support; however, his motion was later withdrawn. In August 2008, husband again filed a motion to modify child support. On November 18, 2008, wife filed a motion for attorney's fees, since husband sought a reduction in child support. On December 12, 2008, the trial court entered an order sustaining wife's motion to strike in the child support matter because husband did not prove a material change of circumstances. On February 20, 2009, the trial court heard argument regarding wife's motion for attorney's fees. Wife argued that husband was responsible for all of her attorney's fees since the beginning of the divorce because paragraph 14 stated that he was responsible for "all of Wife's attorney's fees and costs." Husband argued that paragraph 14 refers only to her attorney's fees and costs associated with the motion to modify child support. The trial court agreed with husband and held that he was responsible for wife's attorney's fees and costs associated with the motion to modify child support, and not back to the beginning of the divorce. Wife timely noted her appeal.

ANALYSIS

Interpretation of Agreement

Wife argues that the trial court erred in interpreting the parties' agreement to mean that husband was responsible only for her attorney's fees and costs associated with the modification of child support. She contends husband is responsible for all of her attorney's fees and costs since the beginning of the divorce.

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

On appeal, the Court reviews a trial court's interpretation of a contract de novo. Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002) (citing Wilson v. Holyfield, 227 Va. 184, 313 S.E.2d 396 (1984)) ("we have an equal opportunity to consider the words of the contract within the four corners of the instrument itself"). The question whether contract language is ambiguous is one of law, not fact. Tuomala v. Regent University, 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996). Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal. See id.

Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006).

"Contract language is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'" Eure, 263 Va. at 632, 561 S.E.2d at 668 (quoting Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)). "A contract term is not ambiguous merely because the parties disagree as to the term's meaning." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1994) (citations omitted).

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)).

Here, neither party contends the language in the agreement is ambiguous. Wife argues that there is no ambiguity in the agreement because "all" means all, and husband should pay for *all* of her attorney's fees incurred since the beginning of the divorce. Husband argues that the clause, "all" of wife's attorney's fees, refers to all of her attorney's fees incurred in the child support modification hearing. The trial court noted that the language in question is in a separate sentence regarding conditions if husband sought to reduce his child support obligation. The first sentence of paragraph 14 concerns husband's payment of half of wife's attorney's fees incurred in preparation of the agreement and in the divorce suit. The second sentence, which is the subject of this matter, only applies if husband sought to reduce his child support.

- 3 -

The language in the agreement is unambiguous. The parties specified when husband would be responsible for attorney's fees. The first sentence of paragraph 14 explains that husband was responsible for half of wife's attorney's fees incurred in the preparation of the agreement and the finalization of the divorce. The second sentence applies only if husband seeks to reduce his child support obligation. The second sentence does not refer back to the beginning of the divorce matter, nor does its provisions continue after the child support modification ends. The second sentence refers only to husband's obligation within the context of child support modification.

Wife is asking us to include language that is not in the agreement. Paragraph 14 does not state that husband is responsible for all of her attorney's fees since the inception of the divorce proceedings.[1] "According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge v. Rutledge, 45 Va. App. 56, 64, 608 S.E.2d 504, 508 (2005) (quoting Wilson, 227 Va. at 187, 313 S.E.2d at 398).

Wife also argues that the trial court did not look to the entire agreement in its interpretation of paragraph 14. "The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

Wife refers to paragraph 18 of the agreement, which states that if either party breaches the agreement, then that party is responsible for the prevailing party's attorney's fees. Wife contends the language used in paragraph 18 is narrower than the language in paragraph 14, and, therefore, it supports her argument that the word "all" in paragraph 14 refers to all of wife's

---

[1] In her brief, wife also argues that paragraph 14 awards her all of her attorney's fees in future proceedings.

attorney's fees since the inception of the matter. We disagree with wife's argument. The language in paragraph 18 applies when a party breaches the agreement. The second sentence of paragraph 14 applies when husband seeks to reduce child support. Both sections have narrow applications.

Wife also contends the trial court did not consider the entire agreement because it did not consider all of the consequences of husband seeking a child support reduction. However, there was no dispute that after husband sought to reduce child support, wife had the right to seek spousal support and her share in husband's business interests. In addition, wife could seek all of her attorney's fees and costs associated with the child support modification hearing.

"It is long established that '[w]hen the terms of an agreement are . . . uncertain, the interpretation placed thereon by the parties themselves is entitled to great weight and will be followed . . . .'" Stroud v. Stroud, 49 Va. App. 359, 368, 641 S.E.2d 142, 146 (2007) (quoting Dart Drug Corp. v. Nicholakos, 221 Va. 989, 995, 277 S.E.2d 155, 158 (1981) (internal quotations omitted)).

Wife's own actions show that paragraph 14 is limited to attorney's fees associated with the child support modification hearing. In 2008, after husband filed his first motion to reduce child support, wife agreed to a consent order regarding custody where both parties agreed to pay for their own attorney's fees arising from the custody matter. She did not reserve her right to collect attorney's fees at a later date, should husband file another motion to reduce child support.

Therefore, the trial court did not err in interpreting the second sentence of paragraph 14 of the agreement. Husband is responsible for wife's attorney's fees associated with the child support modification hearing, but not since the beginning of the divorce matter.

Reasonableness of Attorney's Fees

Husband contends the trial court erred in awarding attorney's fees to wife without first determining whether the fees were reasonable.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

In determining the amount of the attorney's fees, the trial court considered the affidavit and attached documentation filed by wife's attorney. The parties argued whether the amount was reasonable and accurately reflected wife's charges. The trial court considered their arguments and adjusted the amount that wife was charged during the time of the pending child support motion. The trial court ordered that wife could recover her attorney's fees from husband's first motion to reduce child support, filed in 2006 and later withdrawn, and the fees incurred from August 2008 when husband filed his second motion, but not the additional costs associated with the expedited deposition transcripts.

The record reflects that the trial court considered the reasonableness of the fees and heard evidence regarding the fees and costs. Therefore, the trial court did not err in its attorney's fees award.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.