COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Willis


MICHAEL-DAVID ROBINSON

                                                        MEMORANDUM OPINION*
v.      Record No. 0694-12-2                                PER CURIAM
                                                        SEPTEMBER 11, 2012
CARMELLA FRAN ROBINSON


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                      Theodore J. Markow, Judge Designate

              (Charles E. Powers; Batzli Wood & Stiles, P.C., on briefs), for
              appellant.

              (Lawrence D. Diehl; Brandy M. Poss; Barnes & Diehl, P.C., on
              brief), for appellee.


        Michael-David Robinson (husband) appeals an order regarding the trial court's

interpretation of the Agreement between husband and Carmella Fran Robinson (wife), dated

February 11, 2010 (the Agreement).  Husband argues that the "trial court erred in its interpretation

of the parties' Agreement dated February 11, 2010 which provided for the division of the assets of

the party [sic] as of that date and not assets acquired following the Agreement."  Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                     BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on June 24, 1977 and separated on May 6, 2009. On February 11, 2010, wife's counsel sent a letter to husband's counsel with a proposal to settle the outstanding issues. Husband and wife negotiated the terms of the agreement, and changes were handwritten directly on the letter. In pertinent part, the parties agreed to the following: "The remaining assets, including the house, which you are going to have appraised, the stocks etc. to be split 50/50, including Dominion Resources, CSV of Life Insurance and Wachovia Securities." Both parties and counsel signed the Agreement. On May 27, 2010, the trial court entered the final decree of divorce, which affirmed, ratified, and incorporated the Agreement. Husband objected to the incorporation of the Agreement because "it does not reflect final terms." Husband did not appeal the final decree.

In February 2011, the matter was reinstated on the docket for the trial court to determine the valuation and disposition of the former marital residence. On February 23, 2011, the trial court entered an order determining that the fair market value of the former marital residence was $750,000. Furthermore, the trial court ordered that husband was "to purchase [wife's] one-half interest in the equity or the parties . . . [were] to list the property for sale and divide the net proceeds equally."

Husband filed a motion to vacate and to reconsider and asked the trial court to reconsider its order regarding the disposition of the property. He argued that the equity in the home should have been determined as of the date of the Agreement. Husband explained that he had been paying the mortgage, without assistance from wife, since February 11, 2010 and any equity resulting from the post-Agreement reduction in mortgage principal should be his separate property. On March 16, 2011, the trial court vacated the section of the February 23, 2011 order regarding the disposition of the property.

The parties presented their arguments to the trial court. On March 16, 2012, the trial court entered an order, which held, in pertinent part, that "the equity in the former marital residence shall

be based on the liens and encumbrances on the property at the time of the purchase of the residence from [wife] by [husband] or at the time of its sale to a third party." This appeal followed.

ANALYSIS

Interpretation of the Agreement

Husband argues that the trial court erred in interpreting the Agreement such that the division of the former marital residence would occur when it was sold or when husband bought out wife's interest, and not as of the date of the Agreement.

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

"On appeal, the Court reviews a trial court's interpretation of a contract *de novo*." Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006) (citations omitted).

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)).

"Contract language is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'" Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 632, 561 S.E.2d 663, 668 (2002) (quoting Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)). However, "[a] contract term is not ambiguous merely because the parties disagree as to the term's meaning." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1994) (citations omitted).

Here, the language in the Agreement was not ambiguous. The Agreement provided, "The remaining assets, including the house, which you are going to have appraised, . . . to be split

50/50." There is no ambiguity that each party is entitled to fifty percent of the equity. Husband's issue concerns how the equity is determined. He argues that the equity should be determined as of the date of the Agreement, February 11, 2010.

However, the Agreement does not state that the equity is determined as of February 11, 2010. The Agreement states that the equity is "to be split 50/50." As the trial court noted, "the agreement says 50/50 with no qualification as to when that's determined . . . ."

"According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge v. Rutledge, 45 Va. App. 56, 64, 608 S.E.2d 504, 508 (2005) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). "Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court may not impose an obligation not found in the agreement itself." Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994) (citing Harris v. Woodrum, 3 Va. App. 428, 432, 350 S.E.2d 667, 669 (1986)). "However inartfully it may have been drawn, the court cannot make a new contract for the parties, but must construe its language as written." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983) (citing Quesenberry v. Nichols and Erie, 208 Va. 667, 159 S.E.2d 636 (1968)).

Husband is asking the Court to add language into the Agreement by stating that the equity is determined as of February 11, 2010. We cannot do so. If the parties intended to divide the equity as of February 11, 2010, then the Agreement should have so stated.

Accordingly, the trial court did not err in interpreting the Agreement to provide that the equity in the home is to be determined based on the mortgage balance as of the sale of the property to a third party or when husband purchases wife's one-half interest.

<u>Attorney's Fees and Costs</u>

Wife seeks an award of the attorney's fees and costs she incurred on appeal.  <u>See</u>

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  On consideration

of the record before us, we deny wife's request for attorney's fees and costs she incurred on

appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>