COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Alston and Senior Judge Willis

WILLIAM F. G. DEVILLIER

v.     Record No. 0414-12-2

ELIZABETH R. DEVILLIER

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 31, 2012

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

(Stephen C. Hall, on brief), for appellant.

(Christopher J. Smith, on brief), for appellee.


William F.G. DeVillier (father) appeals a child support order. Father argues that the trial

court erred in construing the parties' consent order agreement as not requiring that the proceeding

be treated as an initial determination. Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

BACKGROUND

Father and Elizabeth R. DeVillier (mother) have three minor children. On March 19,

2009, the parties entered into a "Child Support Consent Order" (consent order). Paragraph 1 of

the consent order stated that father would pay mother as follows:

> $1,200 per month, beginning on November 1, 2008, and
> continuing for each month thereafter through the payment due and
> payable on August 1, 2009, or until modified by subsequent signed
> written agreement of the parties or by order of a court of competent
> jurisdiction . . . . Prior to September 1, 2009, the parties shall
> exchange all information and documents necessary to recompute

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

child support according to the guidelines in Section 20-108.2 and according to Section 20-108.1.

The consent order further provided for payment of the children's health insurance and unreimbursed medical and dental expenses. In addition, the consent order dealt with the payment of preschool costs and the division of the tax dependency exemptions.

Paragraph 6 of the consent order stated that the parties agreed that the terms of the consent order would be "considered *pendente lite* in nature, [and] shall not create any presumptive effect in any subsequent child support proceeding . . . ."

However, paragraph 7 of the consent order stated,

> Either party may request a modification of this support award upon showing a non-voluntary change in financial circumstances. As of November 3, 2009,[1] the respondent asserted that his gross income from employment and property rental was approximately $103,000 per year, but the respondent has indicated that he has experienced a substantial reduction in his income since that time which may, in the court's determination of child support in the future, and if proved by the respondent, form a basis for a modification of support.

Mother filed a motion to amend the consent order in the Albemarle County Juvenile and Domestic Relations District Court (the JDR court). The JDR court entered a child support order on August 25, 2010, which was appealed to the trial court. Father filed a "Motion to Correct Clerical Mistake and Motion *in Limine*." The trial court heard argument on father's motion *in limine* on March 23, 2011. Father argued that the trial court should consider the child support petition as an initial determination, as opposed to a modification. He relied on the provisions of the consent order to support his argument. The trial court denied the motion *in limine*. The parties presented evidence regarding the child support matters on March 24, 2011, April 13,

---

[1] In its order dated February 3, 2012, the trial court granted father's motion to correct the clerical mistake in the consent order and held that the date should be "November 3, 2008," not 2009.

2011, and April 22, 2011.[2] The trial court issued letter opinions on June 23, 2011 and June 28, 2011, in which it modified father's child support obligation. Mother filed a motion to reconsider, which the trial court granted in part and denied in part. The trial court entered the final order on February 3, 2012. This appeal followed.

## ANALYSIS

### Interpretation of Consent Order

Father argues that the trial court erred by incorrectly interpreting the consent order. He contends the child support proceedings should have been considered an initial determination of child support, and not a modification of child support. If the trial court had held that the child support proceedings were based on an initial determination, as opposed to a modification, then father would not have had to show a non-voluntary change in his income.

"'While a consent decree is a court order, it is contractual in its nature and should be construed as though it were a contract.'" Newman v. Newman, 42 Va. App. 557, 568, 593 S.E.2d 533, 539 (2004) (en banc) (quoting Gazale v. Gazale, 219 Va. 775, 779, 250 S.E.2d 365, 367 (1979) (internal citation omitted)).

"On appeal, the Court reviews a trial court's interpretation of a contract de novo." Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)).

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)). "The contract must be read as a single document. Its meaning is to be

---

[2] Transcripts from the hearings on March 24, 2011, April 13, 2011, and April 22, 2011 were not timely filed and not considered part of the record. See Rule 5A:8.

gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983).

Father argued that pursuant to paragraph 6 of the consent order, the child support proceedings should be considered an initial determination, and not a modification. Father asserted that paragraph 6 stated that the terms of the consent order were to be "considered *pendente lite* in nature, [and] shall not create any presumptive effect in any subsequent child support proceedings."

Father acknowledged to the trial court that paragraph 7 was "inconsistent" with paragraph 6 because paragraph 7 stated that either party could seek a modification of the support award based on "showing a non-voluntary change in financial circumstances." Father argued that paragraph 7 did not apply to this proceeding because mother was proceeding under paragraphs 1 and 6 of the consent order. He contends the hearing was not based on a "non-voluntary change in financial circumstances."

The trial court disagreed with father's argument. The trial court held that paragraph 6 referred to the provisions of the consent order dealing with the mechanics of the child support obligation, including "what is currently being paid and how it's being paid, and the exchange of documentation; . . . the health insurance and who will pay that; . . . how un-reimbursed medical expenses will be divided; . . . the day care expenses; . . . [and] the personal exemption." However, the trial court noted, "Paragraph 7 is then distinctly worded differently." The trial court held that the first sentence of paragraph 7 restates the law as contemplated by Code § 20-108.[3] Then, the second sentence of paragraph 7 concerns father's income, and specifically, that father "has indicated that he has experienced a substantial reduction in his income since that

_____

[3] The first sentence in paragraph 7 of the consent order states, "Either party may request a modification of this support award upon showing a non-voluntary change in financial circumstances."

- 4 -

time [November 3, 2008] which may, in the court's determination of child support in the future, and if proved by the respondent, form a basis for a modification of support." The trial court held that this second sentence in paragraph 7 of the consent order "is not the provision that is contemplated in Paragraph 6."

Father argues that the second sentence in paragraph 7 does not apply to *any* time in the future, but only to the period before September 1, 2009, because paragraph 1 of the consent order contemplated father's child support obligation of $1,200 per month to last until "August 1, 2009, or until modified by subsequent signed written agreement of the parties or by order of a court of competent jurisdiction." Then, prior to September 1, 2009, the parties were to exchange information necessary to recalculate child support. He contends paragraph 7 places a "perpetual burden of proof" on him if the language is interpreted to mean that it applies at any time, and not limited to the time period prior to September 1, 2009.

The trial court disagreed with father's interpretation and held that there was "no designation of a limitation of a date, of anything that says that it has to be before the order runs out."

Father argues that the trial court rewrote the consent order by interpreting paragraph 7 to mean that there were no time limitations on the determination of father's income. We disagree. Father's interpretation reads language into the consent order, by adding that the second sentence only applies to a time period prior to September 1, 2009.

"According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge v. Rutledge, 45 Va. App. 56, 64, 608 S.E.2d 504, 508 (2005) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)). "Where the agreement is plain and unambiguous in its terms, the rights of the parties are to be determined from the terms of the agreement and the court

- 5 -

may not impose an obligation not found in the agreement itself." <u>Jones v. Jones</u>, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994) (citing <u>Harris v. Woodrum</u>, 3 Va. App. 428, 432, 350 S.E.2d 667, 669 (1986)).

Father is asking the Court to add language into the consent order by stating that the second sentence of paragraph 7 only applies to the time period prior to September 1, 2009. We cannot do so. If the parties intended to limit the applicability of paragraph 7, then the consent order should have so stated.

Therefore, the trial court did not err by denying father's motion *in limine* and proceeding with the hearing as a modification of child support.

<u>Attorney's fees and costs</u>

Mother asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award mother her attorney's fees and costs incurred on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>