UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Petty and McCullough
Argued at Alexandria, Virginia


STEPHEN D. SLYE

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1312-13-4                JUDGE WILLIAM G. PETTY
                                              FEBRUARY 4, 2014
SUSAN K. SLYE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Jennifer L. McCammon (David R. Clarke; Blankingship & Keith,
P.C., on briefs), for appellant.

Benton S. Duffett III (Grenadier, Anderson, Starace, Duffett &
Keisler, P.C., on brief), for appellee.


Stephen D. Slye ("husband") appeals from the circuit court's denial of his petition for a

modification of his spousal support obligation to Susan K. Slye ("wife").  Husband presents two

assignments of error on appeal:  (1) the circuit court erred in denying a modification of lifetime

spousal support when the court's decision was based on all factors under Code § 20-107.1(E)

rather than the current financial circumstances of the parties; and (2) the circuit court had no

authority to award attorney's fees to wife.  For the reasons stated below, we affirm the ruling of

the circuit court on the first assignment of error and reverse on the second assignment of error.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v. Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

II.

Spousal Support

Husband argues that the circuit court erred in denying a modification of spousal support. Specifically, husband argues that the circuit court erred in considering the factors under Code § 20-107.1(E), instead of considering only the current financial circumstances of the parties.[1] We disagree.

"Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109. In order to modify a prior support order, the moving party is "required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay," Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "The crucial question, once a material change in circumstances has been shown, is the 'ability of the supporting spouse to pay.'" Driscoll v. Hunter, 59 Va. App. 22, 33, 716 S.E.2d 477, 482 (2011) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795

---

[1] At the modification hearing, husband told the circuit court that it needed to consider the Code § 20-107.1(E) factors in determining whether to modify the spousal support award. Husband later submitted a motion for reconsideration which clarified his position that it was error to consider the factors.

- 2 -

(1997)).  Moreover, "[t]he determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court," Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986), and we will not disturb the trial court's decision "unless it is plainly wrong or without evidence in the record to support it," Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1999) (internal quotations omitted).

The text of Code § 20-109 does not prohibit the court from considering the factors listed in Code § 20-107.1(E).  The statute broadly mentions that the court may modify spousal support "as the circumstances may make proper."  Code § 20-109.

Moreover, there is no case law that states it is error for a circuit court to consider the Code § 20-107.1(E) factors in determining whether to modify a spousal support award.  Husband relies on our unpublished decision in Allison v. Allison, No. 1516-95-4, 1996 Va. App. LEXIS 271 (Va. Ct. App. Apr. 16, 1996), to support his argument.  Husband's reliance is misplaced.  Notwithstanding the fact that Allison is an unpublished opinion, we stated in Allison that "[t]he consideration of all of the factors in Code § 20-107.1 is *not required* when a judge rules upon a motion to reduce the award under Code § 20-109."  Id. at *2 (emphasis added).  We did not say that it is error for a trial court to consider the factors in Code § 20-107.1.

Here, the circuit court found that there was a material change in circumstances because of the decrease in husband's income.  However, after reviewing the Code § 20-107.1 factors, the circuit court stated that husband was able to travel extensively both in the United States and abroad and that he recently made a $400,000 down payment on a house.  It further found that he increased his net income by refinancing the mortgage from fifteen years to thirty years.  Thus, while the trial court found that husband's income was reduced, it concluded that the reduction of income did not warrant a modification of the spousal support award because husband, at the time of the hearing, still had the ability to pay the award.  This decision rested within the discretion of

the circuit court.  After reviewing the record, we cannot say that the circuit court abused its discretion in reaching this decision.

Attorney's Fees

Husband next argues that the circuit court erred in awarding wife attorney's fees because they were not specifically authorized in the parties' marital settlement agreement.  We agree.

This issue is controlled by our decision in Rutledge v. Rutledge, 45 Va. App. 56, 608 S.E.2d 504 (2005).  In Rutledge, the wife filed a motion for modification of her spousal support award.  Id. at 58, 608 S.E.2d at 505.  The trial court granted the wife's motion and awarded her attorney's fees.  Id. at 58-59, 608 S.E.2d at 505.  The husband filed a motion to reconsider the award of attorney's fees, and the trial court granted his motion.  Id. at 60, 608 S.E.2d at 506.  The wife appealed to this Court.  We analyzed the property settlement agreement and found that "no 'terms' of the agreement provid[ed] for attorney's fees in the instance of either party seeking a modification of spousal support."  Id. at 64, 608 S.E.2d at 508.  Accordingly, we held, "Because Code § 20-109(C) restricts the trial judge's jurisdiction such that he could enter 'no decree or order directing the payment of . . . counsel fees . . . except in accordance with that . . . contract,' we hold that the trial judge did not err in refusing to award to the wife her attorney's fees."  Id. at 64, 608 S.E.2d at 509.

Here, the parties' property settlement agreement expressly provides for an award of attorney's fees in some instances but did not do so for spousal support modification proceedings:

> 10.  ENFORCEMENT OF THE AGREEMENT
>
> Any reasonably necessary expense including, but not limited to, attorney's fees, court costs and travel expenses incurred by a party in the successful enforcement of any of the provisions of this Agreement, whether through litigation or other action necessary to compel compliance, shall be borne by the defaulting party against whom such enforcement was obtained.  Any such cost(s) incurred by a party in the successful defense to any action for enforcement

of such provision(s) shall be borne by the party seeking
unsuccessfully to enforce compliance.

This provision provides for an award of attorney's fees in the event that either party defaults in the performance of any provision of the agreement or either party successfully defends an action to enforce compliance with a provision of the agreement. This case does not concern either scenario. None of the provisions of the property settlement agreement address a post-divorce modification proceeding. Therefore, we hold that the award of attorney's fees against husband was contrary to the language of the property settlement agreement. See 9 Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Family Law: Theory, Practice, and Forms § 9:21, at 390 (2013 ed.) ("[W]here the parties have entered into a written property separation agreement and no provision for the award of attorney's fees is provided as to future spousal support obligations arising out of the agreement's support terms, the court has no authority to award attorney's fees in such a modification proceeding. This is based upon the limits of the court where the terms of an agreement are filed with the court, or incorporated in the final decree based upon § 20-109(A) and (C)."). Accordingly, the trial court erred in awarding attorney's fees to wife.

### III.

For the foregoing reasons, we affirm the circuit court's decision on the modification of the spousal support award, and we reverse the circuit court's decision granting wife attorney's fees.

Affirmed in part, and
reversed in part.