COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


MARK H. BARR

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1109-09-1                            PER CURIAM
                                                    DECEMBER 8, 2009
TERRI COLBY BARR


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                 Norman A. Thomas, Judge

                 (Mona Schapiro Flax, on brief), for appellant.

                 (Duncan G. Byers; Tonye R. Epps; Duncan G. Byers, P.C., on brief),
                 for appellee.


        Mark H. Barr (appellant) appeals the trial court's ruling regarding the interpretation of the

parties' settlement agreement.  Appellant argues that the trial court erred by (1) not considering the

parties' entire agreement; (2) failing to consider the transcript from the August 2, 2005 proceedings;

(3) not finding that counsel's statement at the August 2, 2005 hearing was a stipulation of fact and

that she invited error by taking an adverse position when she filed her action for enforcement;

(4) finding that the handwritten agreement was unambiguous; and (5) excluding extrinsic evidence,

including the testimony of former counsel and the commissioner in chancery (the commissioner).

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        The parties married on July 29, 1972 and separated in June 2002.  They entered a settlement

agreement on August 2, 2005, which was incorporated, ratified, and affirmed in the final decree of

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

divorce on January 23, 2006. On February 7, 2007, Terri Colby Barr (appellee) filed a motion to enforce agreement and request for reimbursement. Appellee alleged that appellant failed to maintain the former marital home, and she had to spend her own funds to repair and maintain the home, for which she sought reimbursement. On February 27, 2009, the trial court held an evidentiary hearing on the motion. The issue was whether appellant breached paragraph 8 of the parties' agreement, which stated, "[Appellant] agrees to reasonably maintain the marital home and property until the mortgage is paid or [appellee] remarries whichever first occurs."

Appellant argued that the trial court should consider the transcript from the August 2, 2005 hearing and testimony from the parties' former counsel and the commissioner to determine what "reasonably maintain" meant. Appellee argued that the agreement spoke for itself and the trial court should not consider extrinsic evidence. The trial court delayed a ruling on the issue of extrinsic evidence until the end of the case and allowed appellant to present his evidence. At the conclusion of the case, the trial court ruled that the agreement was unambiguous and it did not consider the extrinsic evidence.

## ANALYSIS

### Issues 1, 3, and 4: Rule 5A:18

Appellant argues that the trial court erred in determining what constituted the parties' agreement and that the parties' agreement was unambiguous. Appellant also contends appellee's counsel invited error when counsel took an adverse position from a statement at the August 2, 2005 hearing by filing the action for enforcement. Appellant signed the final order as "Seen and OBJECTED to for the reasons stated on the Record, the official transcript of which is incorporated herein and set forth above in the body of this ORDER."[1]

---

[1] Appellant failed to provide a clear and exact reference to the pages of the appendix where the issues were preserved. Rule 5A:20(c). Although he cited certain appendix pages, the pages do not show where he preserved the respective issues. In addition, appellant failed to

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Id. at 514, 404 S.E.2d at 737.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Therefore, we will not consider appellant's issues 1, 3, and 4.

### Issue 2 – Rule 5A:20(e)

Appellant argues that the trial court erred by not considering the transcript from the August 2, 2005 hearing.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Appellant did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments.

---

comply with Rule 5A:20(e) for issues 1 and 3 because appellant did not cite to any legal authority to support his arguments. See Rule 5A:20(e); Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (unsupported assertions of error "do not merit appellate consideration").

Appellant has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc).

We find that appellant's failure to comply with Rule 5A:20(e) is significant, so we will not consider whether the trial court erred in not considering the transcript. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Issue 5 – Exclusion of extrinsic evidence

Appellant argues that the trial court erred in excluding the extrinsic evidence of the testimony of former counsel for the parties and the commissioner. The trial court allowed appellant to present the evidence from each party's former counsel and the commissioner regarding the property settlement agreement; however, the trial court stated that it would determine whether it would consider the extrinsic evidence at the end of the case. At the conclusion of the evidence, the trial court ruled that the agreement "should be interpreted according to its terms and not by extrinsic evidence."

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

> On appeal, the Court reviews a trial court's interpretation of a contract de novo. Eure v. Norfolk Shipbuilding & Drydock Corp.,

- 4 -

263 Va. 624, 631, 561 S.E.2d 663, 667 (2002) (citing Wilson v. Holyfield, 227 Va. 184, 313 S.E.2d 396 (1984)) ("we have an equal opportunity to consider the words of the contract within the four corners of the instrument itself"). The question whether contract language is ambiguous is one of law, not fact. Tuomala v. Regent University, 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996). Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal. See id.

Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006).

"Contract language is ambiguous when 'it may be understood in more than one way or when it refers to two or more things at the same time.'" Eure, 263 Va. at 632, 561 S.E.2d at 668 (quoting Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992)).

Here, neither party argued in the trial court that the language in the agreement was ambiguous. For the first time on appeal, appellant contends the agreement was ambiguous as to what "reasonably maintain" meant. Appellant argues that the testimony from the parties' former counsel and the commissioner in chancery would define the phrase, "reasonably maintain." At trial, the parties tried to narrow the issue for the trial court:

> MR. BYERS: It is my understanding that Mr. Barr's position is that there is an enforceable agreement but that what she has requested falls outside of the scope. Now, Ms. Flax may correct me on that, but that's my understanding of it as we stand here today.
>
> MS. FLAX: I'll agree with that.
>
> \*     \*     \*     \*     \*     \*     \*
>
> COURT: Is the heartbeat of this dispute respecting specific requests and whether they fall under the ambit of "reasonably maintain"?
>
> MR. BYERS: That's it, Your Honor. That's what we're here for today.

"A contract term is not ambiguous merely because the parties disagree as to the term's meaning." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1994) (citations omitted). "[I]f no patent or latent ambiguities exist, a court should enforce the plain meaning of

the contractual language without resort to extrinsic evidence." Smith v. Smith, 43 Va. App. 279, 287, 597 S.E.2d 250, 254 (2004).

Here, the language is not ambiguous. Pursuant to paragraph 8, appellant was to reasonably maintain the house. As the trial court pointed out, the definitions for "reasonable" and "maintain" are instructive, and in this context, they mean to "take those steps necessary to kept the marital home and property in appropriate repair." We agree with the trial court's definition.

Appellant contends the trial court should have considered the extrinsic evidence to further explain his obligation to appellee. Appellant is asking us to include language that is not in the agreement. Paragraph 8 does not state that appellant is only responsible for "minor repairs." "According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge v. Rutledge, 45 Va. App. 56, 64, 608 S.E.2d 504, 508 (2005) (quoting Wilson, 227 Va. at 187, 313 S.E.2d at 398). Appellant was seeking to add words to the parties' agreement through the testimony of the parties' former counsel and the commissioner. However, the testimony was unnecessary because the agreement spoke for itself. Therefore, the trial court did not err in excluding the extrinsic evidence.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.