COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


REBECCA LEWIS

                                                   MEMORANDUM OPINION[*]
v.        Record No. 2596-10-1                        PER CURIAM
                                                     AUGUST 2, 2011
STEPHEN BAILEY


                FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            Patricia L. West, Judge

            (Andrew R. Sebok, on briefs), for appellant.

            (Darrell M. Harding, on brief), for appellee.


        Rebecca Lewis appeals a child support order.  Lewis argues that the trial court erred in

(1) finding that the existing order and agreements did not include the children's schooling at Cape

Henry Collegiate School or Norfolk Academy; (2) holding that Stephen Bailey owed nothing for the

children's past daycare expenses; (3) holding that Bailey was not obligated to pay the children's

future daycare expenses; (4) determining the amount that Bailey owed to Lewis for child support;

(5) determining the amount that Bailey owed to Lewis for unreimbursed medical expenses;

(6) holding that Lewis was previously obligated to pay the initial $250 of the children's medical

expenses; (7) holding that Lewis was obligated to pay the initial $250 of future medical expenses

incurred to treat the children; (8) holding that the costs of private school were not part of Bailey's

previous support obligation; (9) holding that the costs of private school were not part of Bailey's

future child support obligation; (10) refusing to admit into evidence exhibits proffered to the trial

court on August 25, 2010; (11) all of its holdings and findings relating to the costs of the children's

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

private schooling; (12) failing to correct the scrivener's error it found existed in the parties' separation agreement and decree of divorce; (13) in all of its holdings and findings relating to the custody and/or visitation of the children; and (14) not requiring that further evidence be presented with respect to whether private school was in the children's best interests.[1] Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Lewis and Bailey married on September 16, 1995, separated on January 29, 2001, and divorced on March 27, 2002. Two children were born of the marriage.

On February 22, 2002, the parties executed a separation agreement (the Agreement). The Agreement stated that Bailey would pay $1,000 per month for child support "pursuant to Virginia Guidelines" and maintain health insurance for the children. Furthermore, "[t]he parties shall each pay fifty percent (50%) of all non-covered costs and co-payments for all medical, dental, orthodontia, optical, and counseling expenses incurred by the children until they obtain the age of 22." The parties also agreed "that the children will attend Madison [sic] Montessori School. Said cost of such schooling has been calculated in the Child Support Guidelines." The Agreement was "affirmed and incorporated, but not merged" into the final decree of divorce.

Subsequently, the parties filed motions to amend custody, visitation, and child support. On February 18, 2004, the parties entered into an agreement through mediation (the mediation agreement), and they agreed to increase the child support to $1,530 per month. The parties

---

[1] Lewis did not address the fourth, fifth, tenth, and fourteenth assignments of error in her brief. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." We find that this failure to comply with Rule 5A:20 is significant. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008). Therefore, we will not consider these issues.

acknowledged that the amount was a deviation from the statutory guidelines. On March 1, 2004, the trial court entered an order confirming the parties' agreement reached through mediation.

In 2008, both parties filed motions to amend child support. The matter was continued several times because Bailey was deployed with the United States Navy. In September 2009, the Virginia Beach Juvenile and Domestic Relations District Court (the JDR court) decreased the child support to $806.18 per month and dismissed Lewis' motions.

Lewis appealed to the trial court. A hearing was held on April 19, 2010, and on July 6, 2010, the trial court entered an order stating that Bailey was to pay Lewis $748 for medical expenses incurred through December 31, 2009. Further, the trial court denied Lewis' request for payment of daycare expenses and found that "there is no Order between the parties as to Norfolk Academy, Cape Henry or any other private schools attendance and payment of tuition for same." The trial court denied Lewis' request for payment of private school tuition incurred prior to April 19, 2010 and her request for payment of child support arrears. The trial court continued the matter to August 25, 2010 for "child support determination and visitation determination, payment of private school tuition and determination of whether it is in the children's best interest to attend Norfolk Academy." A hearing was held on August 15, 2010, and the trial court entered a final order in the matter on November 12, 2010. The trial court incorporated the July 6, 2010 order and further denied Lewis' request for payment of private school tuition incurred since April 19, 2010. The trial court determined that Bailey's child support obligation is $725.85 per month, beginning September 1, 2010. In addition, the trial court held, "The parties shall pay the following percentage of any reasonable and necessary unreimbursed medical or dental expenses of the children subject of the obligation over $250.00 per child per calendar year: Appellant 50% and Appellee 50%." Lewis objected to the rulings, and this appeal followed.

ANALYSIS

I.  Private school – Issues 1, 8, 9, and 11

A.  Issues 1, 8, and 11

Since the execution of the Agreement, the parties' children attended Montessori School and several private schools, including Norfolk Academy and Cape Henry Collegiate School.  At the time of the hearing, the youngest child attended Norfolk Academy, and the oldest child attended public school.

Lewis argues that the trial court erred by not holding that Bailey was responsible for a portion of the children's private school education at Norfolk Academy and Cape Henry Collegiate School.  Lewis contends the parties agreed in the Agreement that the children would go to private school and that Bailey had previously agreed to them attending private school.

The Agreement stated, in part:

> 9.  Private Education:  The parties have agreed that the children will attend Madison Montessori School.[2]  Said cost of such schooling has been calculated in the Child Support Guidelines.

After the execution of the Agreement, the parties agreed, in mediation, to increase child support, which Lewis asserts was based on an increase in the cost of private school tuition.  The mediation agreement does not mention private school, although it states, "The parties understand that said agreement deviates from the statutory guidelines."

Bailey argues that he agreed to the children attending Montessori School and the increase in child support represented the tuition at Montessori School.  However, Bailey asserts that Lewis decided to send the children to private school, and he did not agree to pay for a portion of the tuition.

---

[2] As indicated below, Lewis argues that this is a scrivener's error, as there is no "Madison Montessori School."  The drafter of the document inadvertently included one of the children's names as the school name.

The trial court held that "there is no agreement as to Norfolk Academy and Cape Henry or other requests for payment of tuition, so the court is going to deny the NA and Cape Henry requests."

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)). "According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge v. Rutledge, 45 Va. App. 56, 64, 608 S.E.2d 504, 508 (2005) (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

Here, the Agreement referenced only Montessori School, and there was no apparent agreement between the parties to pay for other private schools. Likewise, the mediation agreement does not discuss private school tuition. The language in the Agreement and the mediation agreement is clear and unambiguous. The trial court did not err in denying Lewis' request for Bailey to pay a portion of the tuition at Norfolk Academy and Cape Henry Collegiate School.[3]

Lewis also argues that Bailey did not provide notice of his change of address, which prevented her from seeking earlier an increase in child support due to changes in private school

---

[3] Lewis also argued that the trial court erred in its holding because it did not recognize the prior court orders that increased child support. Lewis contends this error was a violation of Rule 1:1. This argument was not presented to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

tuition. Lewis did not cite any legal authority to support this argument. See Rule 5A:20(e). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Lewis' failure to comply with Rule 5A:20(e) is significant, so we will not consider this argument. Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).[4]

### B. Issue 9

Lewis argues that the trial court erred in holding that the costs of private school tuition, specifically for the youngest child who was enrolled in private school, were not included in Bailey's future child support obligation. At the conclusion of the April 19, 2010 hearing, the trial court continued the case to August 25, 2010,

> to hear the child support issue with the issue of Norfolk Academy
> tuition because the court may find that it's in the best interest of
> the child to remain at NA; and if that's the case, the court is going
> to be factoring that tuition into the child support guidelines if the
> court determines that it's in the best interest of the child to do so.

At the August 25, 2010 hearing, Lewis presented two letters from Dan Darby, M.D. regarding the children. Dr. Darby opined that it was not in the youngest child's best interests to change schools.

There is no transcript from the August 25, 2010 hearing, although there is a written statement of facts. According to the statement of facts, the trial court considered Dr. Darby's letters. The statement of facts also indicates that Lewis testified, but it does not include a summary of her testimony. Furthermore, the statement of facts does not include the parties' arguments.

---

[4] Moreover, any error alleged with regard to the trial court's decision and Bailey's failure to provide notice of a change of address would be harmless in light of our holding regarding Issue 9 that the record is insufficient to allow this Court to rule on the issue of whether the trial court erred in not including the cost of private school tuition in Bailey's future child support obligation.

"The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).  Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the written statement of facts signed by the trial judge.  Id.

Without a summary of the testimony and arguments before the trial court, we are unable to review this issue.  See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

II.  Rule 5A:18 – Issues 2, 3, 6, 7, and 12

A.  Daycare expenses – Issues 2 and 3

Lewis argues that the trial court erred in holding that Bailey was not obligated to pay for past or future daycare expenses for the children.  Her objection as noted on the final order stated, "That the Court erred in finding that the Appellant's request for payment of daycare expenses be denied, as there is a special needs child in the home and Appellant works full time and enlist[s] the help of friends and family for the care of the Appellee's children."  On appeal, Lewis asserted the trial court erred by not following Code § 20-108.2(F) and including the daycare costs into the child support guidelines calculation.

However, at trial, the only mention of daycare by Lewis' attorney is as follows:[5]

> THE COURT:  Why is the daycare on there Mr. Tarkington?
>
> MR. TARKINGTON:  Your Honor, she occasionally has to travel out of town; and as I pointed out, I believe that the daycare costs that are included here were already factored in by Mr. Beaton.  I'm not certain.  Because he didn't attach a child support worksheet when he made the recomputations in 2004.  So to the extent that

---

[5] There is no indication in the record as to the amount of childcare that she sought or how it was calculated.

they were previously included in the original child support amount,
the $1,530, I would suggest that they wouldn't be –

At trial, Lewis did not make any argument relating to Code § 20-108.2(F), as she did in her opening brief on appeal. Accordingly, Lewis did not preserve this issue for appeal. Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

### B. Medical expenses – Issues 6 and 7

Lewis argues that the trial court erred in holding that she was obligated to pay the initial $250 of the parties' children's medical expenses because the Agreement stated that the parties would divide all of the uncovered expenses equally.

This issue was not discussed at the hearing on April 10, 2010, nor was it mentioned in the statement of facts from the August 25, 2010 hearing. Lewis wrote the following objection on the final order: "The Court erred in reforming the parties contract regarding payment of unreimbursed medical expenses, which should be 50/50 from the 1st dollar."

On appeal, Lewis contends the trial court erred in applying Code § 20-108.2(D) to the parties' situation because there was no material change of circumstances warranting a modification of the Agreement. Lewis did not present this argument to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

### C. Scrivener's error – Issue 12

Lewis argues that the trial court erred in failing to correct the scrivener's error in the Agreement, wherein the parties agreed to the children attending "Madison Montessori School." At trial, the trial court was the one who asked whether it was a scrivener's error, and Bailey's counsel responded, "I don't know what it is; but I mean, in fact, the kids were going to

- 8 -

Montessori school." At no time did Lewis ask the trial court to correct the error in the Agreement, nor did she note an objection to the final order.

Lewis "requested no relief. Because [she] was denied nothing by the trial court, there is no ruling for us to review." Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

### D. Ends of Justice Exception

Lewis argues that the ends of justice exception should apply to any issues that failed to comply with Rule 5A:18. She argues that the children's best interests were not considered when the trial court reduced the amount of child support and that the application of the ends of justice exception is necessary to prevent "a grave injustice to the children of the parties."

"In order to avail oneself of the exception, a [party] *must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added).

Lewis did not show that a miscarriage of justice occurred with respect to issues 2, 3, 6, 7, and 12. Therefore, the ends of justice exception does not apply.

### III. Custody and Visitation – Issue 13

Lewis argues that the trial court erred in "all of its holdings/findings relating to the custody and/or visitation of the parties' children." The trial court did not address custody, so this portion of the assignment of error will not be considered.

With respect to visitation, the following dialogue occurred at the April 19, 2010 hearing when the trial court issued its ruling:

> THE COURT: And the court is going to do this in regard to the visitation issue. Court is ordering that –
>
> MR. TARKINGTON: That's not before the court.

> THE COURT:  It's integral to everything else, and so the court is going to order that the parties engage in family therapy with Doctor Dan Darby or his designate and follow any recommendations as this court anticipates granting regular visitation of the father with the children at some point.

The trial court's ruling was incorporated in the July 6, 2010 order, and Lewis noted her objection to the trial court making "any present or future ruling . . . regarding custody and/or visitation as same are not the subject of any of the items appealed to this Court."

The case was continued to August 25, 2010, and the November 12, 2010 order does not mention visitation.  There was no transcript from this hearing, and the statement of facts does not indicate whether custody or visitation issues were addressed at the hearing.

The trial court did not change the existing custody and visitation orders.  It only stated that it "anticipates granting regular visitation" between Bailey and the children "at some point."

Since the trial court did not make any final rulings regarding visitation, "there is no ruling for us to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.