COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Willis


MICHAEL C. WALLACE, SR.

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0351-12-2                        PER CURIAM
                                                    JULY 31, 2012
ANITA W. WALLACE


                FROM THE CIRCUIT COURT OF HANOVER COUNTY
                            J. Overton Harris, Judge

            (Michael C. Wallace, Sr., *pro se*, on brief).[1]

            (Angela Morehouse; Von Keller Law P.C., on brief), for appellee.


        Michael C. Wallace Sr. (husband) appeals from a show cause hearing relating to the

payment of his son's student loans.  Husband lists the following assignments of error:

            (1) The trial court erred by modifying the parties' March 18, 2010,
            property settlement agreement to include loans owned by the
            United States Department of Education when the agreement did
            not expressly include such loans;

            (2) The issue of structured monthly payments is barred by res
            judicata and collateral estoppel because a court previously heard
            and declined a request to implement them;

            (3) The trial court erred by granting relief to appellee that was not
            specifically requested or pleaded in the show cause motion,
            exceeding the authority of the trial court;

            (4) In the alternative, the terms and conditions of the property
            settlement agreement relating to the Sallie Mae loans are
            sufficiently vague, unclear, and ambiguous as to render the
            agreement voidable; and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On July 10, 2012, appellant filed a reply brief.  It was not timely filed.  Therefore, we
do not consider it.

(5) The trial court failed to apply the offset and credits to the agreement to determine appellant's pro rata share of the outstanding student loans.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Husband and wife married on April 19, 2002 and separated in August 2007. On March 18, 2010, the parties entered into an agreement that was recorded and transcribed by a court reporter and affirmed by the parties on the record, pursuant to Code § 20-155. On May 20, 2010, the trial court entered a final decree of divorce, which incorporated, ratified, and affirmed the parties' agreement.

In pertinent part, the agreement stated:

> The parties will also agree that the entire origination amount of the Sallie Mae Loan for their son Michael and the originating car loan for Michael's car plus $3,404 that was paid by Mr. Wallace for his summer school and $1,920 which was paid for car insurance will be added together for that total. Upon the receipt of documentation, the parties agree they will both pay one-half of all those amounts, with each of them receiving whatever credit they would have. . . . Once that is decided how that will be paid, they will make those payments directly to the Sallie Mae obligation.

On September 28, 2011, wife filed a motion for rule to show cause, alleging that husband failed to abide by the parties' agreement. The trial court entered rules to show cause and set the matter for a hearing. Husband filed a motion to dismiss.

On December 2, 2011, the trial court heard the parties' evidence and argument. It issued a letter opinion on January 19, 2012.[2] With respect to the Sallie Mae loans, the trial court found that "it was the parties' intent that both parties are equally responsible for the full amount of the

---

[2] In her show cause motion, wife also argued that husband did not comply with portions of the agreement regarding the real estate. The trial court found husband was not in contempt with respect to the real estate issues, and that ruling has not been appealed.

loan including any interest that accrues." The trial court also determined that "both loan payments are for the loan referenced in the parties' agreement and Husband is responsible for his share of both loan payments." The trial court ordered husband "to pay his share of the full amount of both loan payments on time and directly to Sallie Mae, as agreed by the parties in their property settlement agreement, or be held in contempt." The trial court's ruling was memorialized in an order on January 30, 2012. Husband's endorsement was waived pursuant to Rule 1:13.

On January 30, 2012, husband filed a motion for clarification of the letter opinion, but the trial court did not rule on the motion. On February 13, 2012, husband filed his objections to the show cause hearing. The trial court did not conduct a hearing on husband's objections. This appeal followed.

ANALYSIS

Issues 1, 3, and 5:  Rule 5A:18

Husband states that he preserved the first, third, and fifth assignments of error in his pleading, titled "Defendant's Objections to the Show Cause Hearing." Husband filed his objections on February 13, 2012, approximately two weeks after the trial court entered the final order. Husband did not seek a hearing on his objections.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

- 3 -

"To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Husband did not timely note his objections to the order, nor did he give the trial court an opportunity to review and rule on his objections. Therefore, we will not consider the first, third, and fifth assignments of error.

### Issue 2:  Res Judicata and Collateral Estoppel

Husband argues that the issue of structured loan payments is barred by res judicata and collateral estoppel because the trial court previously heard the parties' same arguments and declined to order the structured payments. Husband refers to a hearing on June 2, 2011, when the parties argued the issue before the trial court.

The trial court did not enter an order after the June 2, 2011 hearing. Husband includes a draft order in the appendix, but it was not signed by the trial court. The record does not include an order, a written statement of facts, or a transcript from the June 2, 2011 hearing.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc).

We are unable to determine whether the trial court considered the same issue in December 2011 without an order from the June 2011 hearing, or a transcript or written statement of facts. We find that these are indispensable for a determination of the issue on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Accordingly, we will not consider the second assignment of error.

Issue 4:  Terms of the agreement

Husband argues that the terms and conditions of the agreement relating to the Sallie Mae loans are "sufficiently vague, unclear, and ambiguous as to render the agreement voidable."

Wife asked the trial court to find husband in contempt because he was not following their agreement with respect to the payment of their son's school loans.  Wife presented evidence of six student loans, which included three loans serviced by Sallie Mae and three loans serviced by the Department of Education.  Husband argued that the agreement did not specify the loans, and instead, only referenced a "Sallie Mae loan."  Since it did not mention the Department of Education loans, husband asserted that he was not responsible for them.  However, all of the loans were originated by Sallie Mae, even though some were serviced by Sallie Mae and some were serviced by the Department of Education.

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally."  Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted).

> On appeal, the Court reviews a trial court's interpretation of a contract de novo.  Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002) (citing Wilson v. Holyfield, 227 Va. 184, 313 S.E.2d 396 (1984)) ("we have an equal opportunity to consider the words of the contract within the four corners of the instrument itself").  The question whether contract language is ambiguous is one of law, not fact.  Tuomala v. Regent Univ., 252 Va. 368, 374, 477 S.E.2d 501, 505 (1996).  Thus, the trial court's conclusion regarding ambiguity is accorded no deference on appeal.  See id.

Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006).

"'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'"  Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)).

"A contract term is not ambiguous merely because the parties disagree as to the term's meaning." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1994) (citations omitted).

Here, the agreement specifically states that the parties would be equally responsible for "entire origination amount of the Sallie Mae school loan," less any credits that they received. Wife testified that the Department of Education loans were still considered Sallie Mae loans, but "[t]hey were broken apart by Sallie Mae." She also submitted into evidence documentation of the loans, which showed that all of the loans were Sallie Mae loans; however, three were serviced by Sallie Mae and three by the Department of Education. In addition, wife testified that husband "made one full payment" in July 2011 for one-half of the total for all six loans. His actions reflected his understanding of his responsibility for the loan payments. Contrary to husband's argument, the agreement was not vague or ambiguous when referring to the Sallie Mae loan. The "Sallie Mae loan" in the agreement encompassed all six loans. The trial court's ruling is affirmed.

### Attorney's fees and costs incurred on appeal

Wife asks this Court to award her attorney's fees and costs incurred on appeal. However, the parties agreed in their agreement that "[n]either party will pay any attorney fees to the other . . . ." Accordingly, we deny wife's request for attorney's fees and costs. See Rutledge v. Rutledge, 45 Va. App. 56, 62, 608 S.E.2d 504, 507 (2005) ("the statutory language of Code § 20-109(C) restricts the judge to decreeing according 'to the terms' of the agreement").

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.