COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Annunziata

MARTHA F. MANSON

v.      Record No. 1224-13-4

JOSEPH L. MANSON, III                        MEMORANDUM OPINION[*]
                                                    PER CURIAM
JOSEPH L. MANSON, III                        DECEMBER 27, 2013

v.      Record No. 1245-13-4

MARTHA F. MANSON

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

(Joseph A. Condo; Ryan M. Witkowski; Elizabeth C. Szabo; The
Condo Law Group, P.C., on briefs), for Martha F. Manson.

(David R. Clarke; Jennifer L. McCammon; Blankingship & Keith,
P.C., on briefs), for Joseph L. Manson, III.

Martha F. Manson (wife) and Joseph L. Manson, III (husband) appeal an order denying

husband's motion to modify spousal support and denying wife's request for attorney's fees. Wife

argues that the trial court erred by denying (1) "an award of attorney's fees and costs to Wife in

reliance on Va. Code § 20-109 and Rutledge v. Rutledge, 45 Va. App. 56 (2005)"; (2) "an award of

attorney's fees and costs to Wife pursuant to Va. Code § 20-99"; (3) "an award of attorney's fees

and costs to Wife pursuant to other applicable law"; and (4) wife's motion for reconsideration.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife did not include any argument in her briefs regarding the fourth assignment of error; therefore, the issue is waived. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

Husband argues that the trial court erred by denying his request for a reduction of spousal support "because there was no evidence to support the court's finding that [husband's] reduction in income was voluntary." Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

The parties married on September 8, 1973 and divorced on August 12, 2005. On June 30, 2005, the parties entered into an agreement resolving all issues, except spousal support and attorney's fees. Pursuant to paragraph 6(a) of their marital settlement agreement (MSA), "[t]he issue of spousal support payable by the Husband to the Wife is hereby reserved for determination by the Circuit Court of Fairfax County at a trial scheduled to take place on July 18, 2005." Paragraph 20 of the MSA stated:

> a. The parties' respective claims for counsel fees and costs associated with the dissolution of the marriage are reserved for adjudication by the court on July 18, 2005.
>
> b. Either party shall be entitled to reasonable counsel fees incurred in securing the adherence of the other party to the terms of this Agreement.

Following a hearing on spousal support and attorney's fees, the trial court ordered husband to pay wife $16,500 per month in spousal support, after the sale of the former marital residence. Per the final decree, husband had to pay wife $15,000 toward her attorney's fees.

At the time of the parties' divorce, husband was employed as an attorney at BakerHostetler, LLP (BakerHostetler) and was president of DBM Group, Inc. (DBM). Husband founded DBM in 1998 as a subchapter S corporation that initially provided financial advice to clients in an effort to acquire Asian-owned hotel properties. During his employment at BakerHostetler, husband generated over $5,000,000 in legal fees through his contacts with DBM.

In 2011 and 2012, husband worked on litigation matters, separate from work generated by DBM. Husband explained that many of those cases settled, which caused a drop in his billable hours.

In January 2012, husband's income at BakerHostetler decreased to $500,000.[2] He petitioned the court for a reduction in spousal support. On July 6, 2012, the parties entered into a consent order, which reduced husband's monthly spousal support obligation to $13,000.

In 2012, husband's billable hours continued to decrease. He spent more time trying to develop a deal in Brazil. In December 2012, BakerHostetler terminated husband's employment; however, he was able to negotiate a limited extension of his employment through March 31, 2013.

As a result of the change in his employment status, husband filed a motion to modify spousal support. On April 17, 2013, the trial court heard evidence and argument on husband's motion. The trial court took the issue of attorney's fees under advisement and held a subsequent hearing on the matter. On June 5, 2013, the trial court entered an order denying husband's motion to reduce spousal support and wife's request for attorney's fees. Wife filed a motion to reconsider, which the trial court denied. Both parties appealed the trial court's order.

ANALYSIS

*Attorney's fees – Wife's assignments of error 1-4*

Wife argues that the trial court erred in denying her request for attorney's fees and erred in its interpretation of Rutledge v. Rutledge, 45 Va. App. 56, 608 S.E.2d 504 (2005), Code § 20-109(C), and "other applicable law."[3]

---

[2] At the time of the divorce, husband earned approximately $763,000.

[3] Wife argues that husband is estopped from objecting to the trial court's jurisdiction to award attorney's fees to wife because he requested attorney's fees in his motion to modify spousal support and proffered the amount of his attorney's fees. This argument was not raised at the trial court level; therefore, we will not consider it. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an argument on appeal which was not presented to the trial court."). The good cause and ends of justice exceptions do not apply.

Pursuant to Code § 20-109(C):

> In suits for divorce, annulment and separate maintenance, and in proceedings arising under subdivision A 3 or subsection L of § 16.1-241, if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee or establishing or imposing any other condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract.

"[T]he statutory proviso, that no order 'shall be entered except in accordance with the . . . contract,' requires the trial judge to examine the parties' agreement to ascertain whether the relief sought by the moving party is encompassed within the terms of the agreement." Rutledge, 45 Va. App. at 63, 608 S.E.2d at 508 (citing White v. White, 257 Va. 139, 144-45, 509 S.E.2d 323, 326 (1999)).

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Estate of Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 378 (1995) (citations omitted). "On appeal, the Court reviews a trial court's interpretation of a contract de novo." Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbldg. & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)). "According to the rules of construction, 'courts cannot read into contracts language which will add to or take away the meaning of words already contained therein.'" Rutledge, 45 Va. App. at 64, 608 S.E.2d at 508 (quoting Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984)).

Paragraph 20 of the parties' MSA addressed attorney's fees and listed two circumstances when the parties could seek attorney's fees. The first instance was for "fees and costs associated with the dissolution of the marriage," and the second instance was for "fees incurred in securing

the adherence of the other party to the terms" of the MSA. The MSA includes a provision stating that "[t]his Agreement contains the entire understanding of the parties."

As in Rutledge, the MSA contains "no 'terms' . . . [which] provide for attorney's fees in the instance of either party seeking a modification of spousal support." Id.

> To be more precise, nowhere in the agreement is there a provision requiring the payment of attorney's fees to either party who seeks a change in the support payment because of a change in circumstances. The parties could have provided for fees in other instances but did not. The express reference to attorney's fees for these two particular proceedings implies the preclusion of attorney's fees in other instances under the maxim, *expressio unius est exclusio alterius*.

Id. at 65, 608 S.E.2d at 508 (citation omitted).

Wife argues that since the parties reserved the issue of attorney's fees in 2005, as stated in the MSA, the trial court had the right to consider an award of attorney's fees for all future issues. However, the MSA does not provide for this interpretation. The MSA stated, "The parties' respective claims for counsel fees and costs *associated with the dissolution of the marriage* are reserved for adjudication by the court on July 18, 2005." (Emphasis added.) The issue reserved for future adjudication was attorney's fees incurred for the dissolution of the marriage, not a future modification of spousal support. "'When a contract is clear and unambiguous, it is the court's duty to interpret the contract, as written.'" Stacy v. Stacy, 53 Va. App. 38, 44, 669 S.E.2d 348, 351 (2008) (en banc) (quoting Palmer & Palmer Co., LLC v. Waterfront Marine Constr., Inc., 276 Va. 285, 289, 662 S.E.2d 77, 80 (2008)).

As we did in Rutledge, "[w]e hold that because the agreement expressly provides for attorney's fees in some instances but does not do so for modification proceedings, the trial judge did not err."[4] Rutledge, 45 Va. App. at 58, 608 S.E.2d at 505.

---

[4] Wife also argues that the trial court had jurisdiction to enter an award of attorney's fees and costs pursuant to Code § 20-99(6). As stated above, the language in the MSA controls

- 5 -

*Spousal support – Husband's assignment of error*

Husband argues that the trial court erred in denying his motion to reduce spousal support. "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109(A). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999).

The parties agreed that there was a material change of circumstances when BakerHostetler terminated husband's employment with the firm. The issue was whether the change in husband's income was due to husband's voluntary acts.

When a payor ex-spouse seeks a modification, he "must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect." Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986) (citation omitted). To prove a change in circumstances justifying a reduction in support, the payor ex-spouse "must establish that he is not 'voluntarily unemployed or voluntarily under employed.'" Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (quoting Code § 20-108.1(B)(3)). "Whether a person is voluntarily

pursuant to Code § 20-109(C), so the trial court did not have the authority under Code § 20-99 to award attorney's fees.

unemployed or underemployed is a factual determination." Blackburn, 30 Va. App. at 102, 515 S.E.2d at 784.

Husband contends he did not voluntarily retire or choose a different career. He worked at BakerHostetler and generated business for them through DBM. He argues that he worked on the projects in Brazil in order to try to generate fees until the projects were no longer viable. He testified that he then contacted clients, took steps to become a member of the Virginia State Bar, and contacted law firms regarding employment. He asserts that he "did all that he reasonably could to minimize his loss of income."

Wife argues that husband was an attorney for almost forty years and that was how he generated income throughout the marriage. He did not receive a regular salary from DBM. Wife contends that husband chose to devote more attention to DBM, and as a result, BakerHostetler reduced husband's income in 2012 and ultimately, terminated his employment. Husband's billable hours decreased significantly in 2012, as husband spent more time on DBM business ventures. Afterwards, husband did not do enough to minimize his loss of income, and instead, sought to reduce his spousal support obligation.

The trial court agreed with wife, and held that husband "spent an awful lot of time on that [DBM business venture in Brazil], a substantial amount of time, and very little time doing what I would consider legal work." The trial court further stated, "And the effect of that, to me, is he abandoned a reliable source of income with the firm and chose to invest in a speculative venture." The trial court explained, "The reason why I think all of that is significant is it's not up to him to make a speculative investment in the hopes that it pays off at the expense of having a reliable source of income." The trial court held as follows:

> And I believe he saw that coming and he had a choice. He
> could double down on his law practice, work those clients, develop
> business as a lawyer, or he could make this investment that, if it
> paid off, it would be great, and if it didn't pay off, it wouldn't be so

- 7 -

great. He made his decision. I think the loss of income is his fault; therefore, I deny the motion to modify.

Contrary to husband's arguments, the evidence is sufficient to support the trial court's finding that husband had a voluntary reduction in his income. Husband chose to focus on DBM at the expense of his law practice. By doing so, he lost his "reliable source of income." Therefore, the trial court did not err in denying husband's motion to modify support.

*Attorney's fees on appeal*

Wife asks this Court to award her attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Pursuant to the MSA and Code § 20-109(C), as stated above, neither party is eligible for attorney's fees. See Rutledge, 45 Va. App. at 62, 608 S.E.2d at 507 ("the statutory language of Code § 20-109(C) restricts the judge to decreeing according 'to the terms' of the agreement").

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.